IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

24,927-73

WRIT NO. _____

[TRIAL COURT CAUSE NO. 23,557, 23rd DISTRICT COURT OF BRAZORIA
COUNTY, TEXAS]

EX PARTE TODD WARREN ALTSCHUL, APPLICANT

# MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF SAID COURT:

I.

AUTHORITY OF THIS MOTION IS INVOKED PURSUANT TO RULE 72.1. TEX. R. APP. PROC.

II.

DUE TO THE EXTRAORDINARY ISSUES RAISED IN THE ACCOMPANYING "MOTION SEEKING COURT TO OVERRULE EX PARTE RICH - 194 S.W. 3d. 508 IN PORTION AT 511 & 515 (TEX. CR. APP. 2006), ETC." AND DUE TO THE MERITORIOUS CHALLENGE RAISED THAT APPLICANT IS ACTUALLY INNOCENT OF THE ENHANCED PORTION OF THE SENTENCE, THIS MOTION FOR LEAVE MUST BE GRANTED.

FURTHER, IT WOULD SERVE NO LEGITIMATE STATE INTEREST TO ENFORCE USUAL RULES OF PROCEDURAL DEFAULT.

WHEREFORE, APPLICANT REQUEST THAT LEAVE BE GRANTED.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

RESPECTFULLY SUBMITTED:

TODD W. ALTSCHUL - #586467
TELFORD UNIT
3899 STATE HWY 98
NEW BOSTON, TX. 75570
APPLICANT

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING MOTION WAS SERVED TO THE STATE - BRAZORIA COUNTY DISTRICT ATTORNEY, 111 E. LOCUST ST. - SUITE 408A, ANGLETON, TX. 77515.... BY U.S. MAIL, POSTAGE PREPAID, ON THIS 17th DAY OF FEBRUARY _____, 2015.

TODD W. ALTSCHUL
APPLICANT

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS 24,927

WRIT NO. _____

[TRIAL COURT NO. 23,557, 23rd. DISTRICT COURT OF BRAZORIA
COUNTY, TEXAS]

## EX PARTE TODD WARREN ALTSCHUL, APPLICANT

## ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF SAID COURT=

### I.
### AUTHORITY

THIS COURT HAS AUTHORITY OF THIS ORIGINAL PROCEEDING FOR WRIT OF HABEAS CORPUS PURSUANT TO ART. 5, §5 TEX. CONST., AND ART. 11.05 V.A.C.C.P & RULE 72.2. TEX. R. APP. PROC..

### II.
### STATEMENT OF CASE

ON OCT. 24, 1991, APPLICANT WHILE CONFINED AT THE TDCJ DARRINGTON UNIT WAS CHARGED WITH THE OFFENSE OF DEADLY WEAPON IN PENAL INSTITUTION, SEC. 46.10 TEX. PEN. CODE.
ON FEB. 5, 1992, APPLICANT WAS INDICTED FOR THIS OFFENSE [SEE ATTACHMENT 1] IN WHICH HE PLED NOLO CONTENDERE AND TRUE TO THE FIRST ENHANCEMENT. [SEE ATTACHMENT 2] AND JUDGMENT WAS RENDERED ON MAY 22, 1992 [SEE ATTACHMENT 3], THAT SENTENCED APPLICANT TO 15 YEARS TDCJ CONSECUTIVE TO OTHER TDCJ SENTENCE HE WAS SERVING.
APPLICANT HAS FILED NUMEROUS ART. 11.07 V.A.C.C.P. APPLICATIONS ON THIS ISSUE ARGUING THAT HIS SENTENCE WAS ILLEGALY ENHANCED FOR WHICH HE IS ACTUALY INNOCENT OF AND INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO VOID ENHANCEMENT USED. HOWEVER THIS COURT IMPROPERLY DENIES THE 11.07 WRITS.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

1.

# III.

## JUSTIFICATION FOR SUBSEQUENT WRIT AND FOR FILING ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

APPLICANT ARGUES THAT .... BY A PREPONDERANCE OF THE EVIDENCE, BUT FOR THE ILLEGALY ENHANCED SENTENCE VIOLATION, NO RATIONAL JUROR COULD HAVE FOUND APPLICANT GUILTY BEYOND A REASONABLE DOUBT OF THE ENHANCEMENT. ART. 11.07 SEC. 4 (a)(2).

FURTHER, SINCE THIS IS A SUBSEQUENT WRIT THE BIASED TRIAL COURT IS NOT GOING TO PROPERLY ADDRESS A 11.07 WRIT. THEREFORE, THIS ORIGINAL WRIT IS JUSTIFIED.

APPLICANT ARGUES THAT IN EVERY PRIOR ART. 11.07 WRIT, THE STATE ALWAYS IMPROPERLY FILES A PROPOSED ORDER FOR THE TRIAL JUDGE TO SIGN THAT RECOMMENDS DENIAL OF RELIEF WHICH THE TRIAL JUDGE SIMPLY SIGNS. THIS PROCEDURE IS IMPROPER AND PREJUDICES APPLICANT AND VIOLATES ART. 11.07 SEC. 3 (c) WHICH PROVIDES A DUTY UPON THE TRIAL COURT TO MAKE ITS OWN INDEPENDANT FINDINGS. THE ART. 11.07 STATUTE & CHPT. 11 V.A.C.C.P. DOES NOT ALLOW ANY "PROPOSED ORDERS" TO BE FILED. HOWEVER, IN CIVIL CASES, THE RULES ALLOWS FOR A PARTY TO FILE A PROPOSED JUDGMENT. SEE RULE 305 TEX. R. CIV. PROC., BUT NOT IN A CRIMINAL CASE.

THIS PROPOSED ORDERS BY THE STATE ALLOWS THE STATE TO TAILOR THE ORDER TO ACHIEVE THE RESULTS THE STATE WANTS — WHICH IS DENIAL! THIS COURT RELIES ON THE TRIAL COURTS FINDINGS TO MAKE A DECISION AND IN THIS CASE ALL THE TRIAL COURTS FINDINGS WERE PREPARED BY THE STATE AND THUS, NONE OF APPLICANTS PRIOR ART. 11.07 WRITS HAVE BEEN PROPERLY ADDRESSED.

A EVIDENTIARY HEARING IS REQUIRED ON THIS MATTER AND THIS COURT SHOULD ISSUE A REMAND ORDER TO THE TRIAL COURT SINCE THIS COURT DOES NOT CONDUCT EVIDENTIARY HEARINGS. SEE EX PARTE RODRIGUEZ — 334 S.W. 2d. 294 (TEX. CR. APP. 1960).

COMPELLING CIRCUMSTANCES WARRANT THIS COURT TO HEAR THIS CASE.

## IV.

## GROUNDS FOR RELIEF

APPLICANT ARGUES THAT HE IS ACTUALLY INNOCENT OF THE ENHANCED PORTION OF THE SENTENCE.

## V.

## ARGUMENT

APPLICANT ARGUES THAT THEIR WAS TWO ENHANCEMENT PARAGRAPHS ON THE INDICTMENT [SEE ATTACHMENT 1]. THE FIRST ENHANCEMENT WAS PROBATED AND USED TO ENHANCED THE PUNISHMENT FROM 3rd. DEGREE FELONY TO 2nd. DEGREE FELONY 2-20 YEARS IN WHICH HE RECEIVED A 15 YEAR SENTENCE. APPLICANT ARGUES THAT THIS FIRST ENHANCEMENT WAS A NON-REVOKED PROBATED SENTENCE [SEE ATTACHMENT 4] WHICH WAS NON-FINAL FOR ENHANCEMENT PURPOSES. SEE EX PARTE LANGLEY 833 S.W.2d. 141 AT 143 (TEX. CR. APP. 1992). THEN LATER THE FIRST ENHANCEMENT THAT WAS USED WAS SUBJECTED TO A PROBATION DISCHARGE ORDER[1] UNDER ART. 42.12 SEC. 20 (a) V.A.C.C.P, WHICH THIS COURT HELD IN 2003 WAS NOT FINAL FOR ENHANCEMENT PURPOSES. SEE STATE V. CUELLAR - 70 S.W. 3d. 815 AT 818 (TEX. CR. APP. 2003).

APPLICANTS INEFFECTIVE COUNSEL FAILED TO INVESTIGATE AND DISCOVER THAT THIS ENHANCEMENT WAS PROBATED AND FAILED TO OBJECT. SEE EX PARTE FELTON - 815 S.W. 2d. 733 AT 736 (TEX. CR. APP. 1991); EX PARTE LANGLEY, SUPRA.

APPLICANT ARGUES THAT HIS PLEA OF TRUE TO THIS FIRST ENHANCEMENT USED DID NOT WAIVE HIS RIGHT TO CHALLENGE IT BECAUSE THEIR IS AN EXCEPTION WHEN THE ENHANCEMENT IS IMPROPER. SEE EX PARTE RICH - 194 S.W. 3d. 508 AT 513. (TEX. CR. APP. 2006).

---

[1] SEE ATTACHMENT 5.

THE SECOND ENHANCEMENT WAS DROPPED AS REFLECTED ON THE JUDGMENT [SEE ATTACHMENT 3] AND IT WAS DROPPED BECAUSE IT WAS ILLEGAL AND COULD NOT BE USED AS A ENHANCEMENT BECAUSE APPLICANT WAS SERVING THE SENTENCE IN THE SECOND ENHANCEMENT (CAUSE #91-281-C, 5 YRS., THEFT OVER $750 MCLENNAN CO., TX.) IN THE TDCJ AT THE TIME OF THE OFFENSE OF DEADLY WEAPON IN PENAL INSTITUTION AND THIS SECOND ENHANCEMENT WAS A ELEMENT OF THE OFFENSE WHICH CASE LAW BY THIS COURT HOLDS THAT SUCH ENHANCEMENT IS BARRED FOR USE AS A ENHANCEMENT WHEN IT IS A ELEMENT OF THE OFFENSE. SEE RAMIREZ V. STATE - 527 SW 2d. 542 (TEX. CR. APP. 1975).

APPLICANT ARGUES THAT BOTH THE ENHANCEMENTS WERE VOID AND THE FIRST WAS ILLEGALY USED AND THE PUNISHMENT WOULD HAVE BEEN LESSER IF THIS ILLEGAL FIRST ENHANCEMENT WOULD NOT HAVE BEEN USED AS HE WOULD FACE A LESSER SENTENCE OF 2-10 YRS.. APPLICANT IS ACTUALY INNOCENT OF THE ENHANCED SENTENCE WHICH VIOLATES THE EIGHTH AMENDMENT U.S. CONSTITUTION. A SENTENCE WHICH IS OVER THE MAXIMUM IS UNAUTHORIZED BY LAW AND ILLEGAL. SEE MIZELL V. STATE - 119 S.W. 3d. 804 AT 806 (TEX. CR. APP. 2003). THIS IS A DEFECT WHICH RENDERS THE SENTENCE VOID WHICH MAY BE RAISED AT ANY TIME. SEE EX PARTE BECK - 922 S.W. 2d. 181 AT 182 (TEX. CR. APP. 1996).

APPLICANT DISCHARGED THIS SENTENCE ON NOV. 29. 2010 BUT IS STILL SUFFERING ADVERSE COLLATERAL CONSEQUENCES AS SUCH IS CONSIDERED BY PAROLE, etc.. THE MOOTNESS DOCTRINE CAN NOT PROHIBIT COLLATERAL ATTACK. SEE EX PARTE GUZMAN - 551 S.W. 2d. 387 (TEX. CR. APP. 1977)

## RELIEF

WHEREFORE, PREMISES CONSIDERED, APPLICANT REQUEST THAT THIS COURT GRANT ALL HABEAS RELIEF THAT APPLICANT IS ENTITLED TO.

RESPECTFULLY SUBMITTED:

*Todd Altschul*

TODD W. ALTSCHUL
TDCJ #586467
TELFORD UNIT
3899 STATE HWY. 98
NEW BOSTON, TX. 75570

# APPLICANT

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THIS DOCUMENT WAS SERVED TO THE STATE BRAZORIA COUNTY DISTRICT ATTORNEY, 111 E. LOCUST STREET - SUITE 408 A, ANGLETON, TX. 77515, BY U.S. MAIL, POSTAGE PREPAID, ON THIS THE 17th DAY OF FEBRUARY, 2015.

*Todd Altschul*

TODD W. ALTSCHUL
APPLICANT

STATE OF TEXAS §
COUNTY OF BOWIE §

## VERIFICATION OATH

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 17th DAY OF FEBRUARY, 2015.

_Todd Altschul_
TODD W. ALTSCHUL
APPLICANT

# IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS

### WRIT NO. _____

TRIAL COURT NO. 23,557, 23rd DISTRICT COURT OF BRAZORIA COUNTY, TEXAS

## EX PARTE TODD WARREN ALTSCHUL, APPLICANT

MOTION SEEKING COURT TO OVERRULE EX PARTE RICH - 194 S.W. 3d. 508, 511, 515 [TEX. CR. APP. 2006] AS SUCH UNCONSTITUTIONALY RESTRICTS APPLICANT'S RIGHT TO RAISE A CLAIM OF ACTUAL INNOCENCE TO THE ENHANCED PORTION OF THE SENTENCE ON A 28 U.S.C. $2254 HABEAS PROCEEDING IN FEDERAL COURT AND ILLEGALY INFRINGES UPON THE FEDERAL COURT TO ADJUDICATE $2254 CLAIMS OF ACTUAL INNOCENCE TO THE ENHANCED SENTENCE.

TO THE HONORABLE JUDGES OF SAID COURT:

THE APPLICANT'S SENTENCE WAS CLEARLY ILLEGALY ENHANCED WITH A PRIOR PROBATED SENTENCE THAT WAS NON-FINAL AND NON-REVOKED [SEE ATTACHMENT 4] THEN LATER DISCHARGED [SEE ATTACHMENT 5]. A NON-REVOKED PROBATED SENTENCE IS NOT FINAL CONVICTION FOR ENHANCEMENT PURPOSES UNDER SEC. 12.42 TEX. PENAL CODE. SEE EX PARTE LANGLEY - 833 S.W. 2d. 141 AT 143 (TEX. CR. APP. 1992). FURTHER, A COURT ORDERED DISCHARGE OF PROBATION IS NOT A FINAL CONVICTION FOR ENHANCEMENT PURPOSES UNDER SEC. 12.42 TEX. PEN. CODE. SEE STATE V. CUELLAR - 70 S.W. 3d. 815 AT 818 (TEX. CR. APP. 2003).

APPLICANT HAS ATTEMPTED TO OBTAIN ART. 11.07 U.A.C.C.P RELIEF FROM THIS COURT ON THIS ISSUE ONLY TO BE ARBITRARILY DENIED AND NOW HIS ONLY REMEDY IS A HABEAS PROCEEDING UNDER 28 U.S.C. $2254 IN FEDERAL COURT CLAIMING GROUNDS OF ACTUAL INNOCENCE TO THE ILLEGALY ENHANCED SENTENCE. SEE McQUIGGIN V. PERKINS - 133 S.CT. 1924 (2013) [SUPREME COURT RECOGNIZING THAT A PRISONER OTHERWISE SUBJECT →

(CONTINUED)

1.

TO DEFENSES OF ABUSIVE USE OF THE WRIT OF HABEAS CORPUS MAY HAVE FEDERAL CONSTITUTIONAL CLAIM CONSIDERED ON THE MERITS IF HE MAKES A PROPER SHOWING OF ACTUAL INNOCENCE].

HOWEVER, IN ORDER FOR APPLICANT TO RAISE A CLAIM IN FEDERAL COURT ON A §2254 APPLICATION, THE APPLICANT MUST HAVE RAISED THE CLAIM IN THE LOWER STATE COURTS.

THIS COURTS DECISION IN EX PARTE RICH - 194 S.W.3d. 508 AT 511 & 515 (TEX. CR. APP. 2006), DOES NOT ALLOW A APPLICANT TO CLAIM ACTUAL INNOCENCE TO A ILLEGALY ENHANCED SENTENCE ON ART. 11.07 APPLICATION. Id AT 511 & 515, THUS, THE APPLICANT CAN NOT RAISE HIS ONLY CLAIM OF ACTUAL INNOCENCE TO THE ENHANCED SENTENCE IN FEDERAL COURT DUE TO THIS COURTS RICH DECISION.

THERE IS A COMPELLING POLICY REASON FOR THIS COURT TO ENTERTAIN AS COGNIZABLE IN A POST - CONVICTION WRIT CLAIMS THAT MAY LATER BE RAISED IN A FEDERAL HABEAS CORPUS FORUM. SEE DIX & DAWSON, 43 TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE SECTION 45.73 AT 468 (1995).

APPLICANT ARGUES THAT THE PORTION OF THIS COURTS RICH DECISION IN QUESTION UNCONSTITUTIONALY RESTRICTS APPLICANTS RIGHT TO RAISE A CLAIM OF ACTUAL INNOCENCE TO THE ENHANCED PORTION OF THE SENTENCE IN FEDERAL COURT ON A §2254 HABEAS PROCEEDING AND ILLEGALY INFRINGES UPON THE FEDERAL COURT TO ADJUDICATE §2254 CLAIMS OF ACTUAL INNOCENCE TO THE ENHANCED SENTENCE.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, APPLICANT REQUEST THAT THIS COURT HEAR THIS MOTION AND OVERRULE EX PARTE RICH - 194 S.W. 3d. 508, PORTION THAT FINDS THAT A APPLICANT CAN NOT CLAIM ACTUAL INNOCENCE TO A ILLEGALY ENHANCED SENTENCE CLAIM ON ART. 11.07 V.A.C.C.P.. Id AT 511 & 515.

RESPECTFULLY SUBMITTED:

_____
TODD W. ALTSCHUL
TDCJ # 586467
TELFORD UNIT
3899 STATE HWY. 98
NEW BOSTON, TX. 75570
APPLICANT

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING MOTION WAS SERVED TO THE STATE: BRAZORIA COUNTY DISTRICT ATTORNEY, 111 E. LOCUST ST. - SUITE 408 A, ANGLETON, TX. 77515, BY U.S. MAIL, POSTAGE PREPAID, ON THIS THE 17th DAY OF FEBRUARY, 20 15.

_____
TODD W. ALTSCHUL
APPLICANT

# ATTACHMENT 1

NO. 23,557    BOND $ NO BOND

THE STATE OF TEXAS VS. TODD W. ALTSCHUL

CHARGE: DEADLY WEAPON IN A PENAL INSTITUTION - HABITUAL

(DIRECT FILE)    WITNESS: J.BLANKENSHIP, BCDA    COURT:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

COPY

THE GRAND JURY, for the County of Brazoria, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the October - March Term A.D., 1991-1992, of the 23rd Judicial District Court for said County, upon their oaths present in and to said court at said term that TODD W. ALTSCHUL hereinafter styled Defendant, on or about the 24th day of October, A.D. 1991, and before the presentment of this indictment, in the County and State aforesaid, did then and there unlawfully commit an offense hereafter styled the primary offense in that said defendant did while confined in a penal institution, intentionally and knowingly carry on or about his person a deadly weapon, to-wit: a knife-like instrument called a shank;

ENHANCEMENT PARAGRAPHS

AND THE GRAND JURORS AFORESAID do further present that before the commission of the primary offense, on the 19th day of July, A.D., 1990, in Cause Number 12010, in the 35th Judicial District Court of Brown County, Texas the defendant was convicted of the felony of Aggravated Assault;

*THIS FIRST ENHANCEMENT WAS USED TO INCREASE MY SENTENCE IN ERROR. SUCH WAS A NON-FINAL PROBATED - DISCHARGED SENTENCE. SEE ATTACHED ORDER GRANTING STATES MOTION TO DISMISS MOTION TO REVOKE PROBATION AND ORDER GRANTING DISCHARGE OF PROBATION. SUCH ENHANCEMENT WAS NOT SUPPOSE TO BE USED FOR ENHANCEMENT OF SENTENCE SEE EX PARTE LANGLEY 833 S.W. 2d. 141 [TEX. CR. APP. 1992]; STATE V. CUELLAR - 70 S.W. 3d. 815 AT 818 [TEX. CR. APP. 2003].*

AND THE GRAND JURORS AFORESAID do further present that before the commission of the primary offense, and after the conviction in Paragraph #1 was final the defendant committed the felony of Theft and was convicted on the 14th day of May, A.D., 1991, in Cause Number 91-281-C, in the 54th Judicial District Court of McLennan County, Texas;

*THIS SECOND ENHANCEMENT WAS DROPPED. SEE ATTACHED JUDGMENT. BUT IT ALSO COULD NOT BE LEGALY USED BECAUSE IT CONSTITUTED ELEMENT OF THE OFFENSE AND IS BARRED FOR USE AS A ENHANCEMENT. SEE WILTZ V. STATE - 787 S.W. 2d. 511 [TEX. APP. HOUSTON (1ST. DIST.) 1990]; RAMIREZ V. STATE - 527 S.W. 2d. 542 [TEX. CR. APP. 1975].*

against the peace and dignity of the state.

FILED
4 IN court   5
    1992
FRANCES BENNETT
Clerk District Court Brazoria Co., Texas
BY DEPUTY

PAGE 1

°THE FACT IS THAT NEITHER ONE OF THE TWO ENHANCEMENTS WERE VALID FOR ENHANCEMENT PURPOSES AND WITHOUT ANY ENHANCEMENTS MY SENTENCE WOULD BE NOT MORE THAN 10 YEARS. THEREFORE, MY 15 YEAR ENHANCED SENTENCE IS ILLEGAL.

APPENDIX 1

ATTACHMENT    2

no. 23,557    2nd

THE STATE OF TEXAS                    *          IN THE DISTRICT COURT OF

V.                                    *          BRAZORIA   COUNTY,   TEXAS

Todd W. Altschul                      *          23rd  FILED  DISTRICT
                                      *          ____  o'clock ____ M.

**DEFENDANT'S AFFIDAVIT OF ADMONITIONS,**
**WAIVERS, JUDICIAL CONFESSION, STATEMENTS,**        MAY 2 1 1992
**PLEA, PROBATION AND APPEAL -**
**FELONY LESS THAN CAPITAL**

                                                 FRANCES BENNETT
COMES NOW, ____Todd   W.   Altschul____    Clerk of District Court Brazoria Co., Texas
                                           BY _____ DEPUTY

Defendant in open Court in the above numbered and entitled

cause represented by his-her attorney, Hal Heimstreet,

with whom I have previously consulted, prior to entering my

plea herein, and makes the following voluntary statement:

                                I.

    The Judge admonished and warned me, in writing, as follows:

    1.  The range of punishment for the felony offense of Poss.
        Deadly Weapon in Penal Inst., of which I am charged, is by
        confinement in the Texas Department of Criminal Justice -
        Institutional Division for  a  term  of  not  more  than
        twenty (20)  years  or  less  than  two  (2)  years.   In
        addition  a  fine  not  to  exceed  $10,000.00  may   be
        imposed;

    2.  Any recommendation of the prosecuting attorney as to punish-
        ment is not binding on the Court;

    3.  If the punishment assessed does not exceed the punishment
        recommended by the prosecutor and agreed to by me and my
        attorney, the court must give its permission to me before
        I may prosecute an appeal on any matter in this case except
        for those matters raised by written motion filed prior to
        trial; and

    4.  If I am not a citizen of the United States of America, a
        plea of guilty - nolo contendere for the offense charged
        may result in deportation, the exclusion from admission to
        this country, or the denial of naturalization under federal
        law.

    5.  If I am granted a deferred adjudication probation, on vio-
        lation of a condition of probation imposed by the Court,
        I may be arrested and detained as provided in the Texas
        Code of Criminal Procedure.  I am entitled to a  hearing
        limited to the determination by the Court of whether  it
        proceeds with an adjudication of guilt on the original
        charge.  No appeal may be taken from this determination.

                    1 Defendant's Initials TA

APPENDIX   2

After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and appeal continue as if the adjudication of guilt had not been deferred.

## II.

The Judge further admonished and warned me, in writing, as follows:

1. Of my right not to be prosecuted in this case except on the indictment of a Grand Jury;

2. Of my right to have the indictment - information read aloud and in full;

3. Of my right to trial by jury;

4. Of my right to wait ten (10) days to allow my court-appointed attorney to prepare for trial;

5. Of my right to be confronted by the witnesses against me;

6. Of my right against self-incrimination; and

7. Of my right to a pre-sentence investigation and report.

## III.

I desire to waive and do waive the following rights:

1. Waive the right to be prosecuted by a Grand Jury indictment and announce my election and consent to be prosecuted by information;

2. Waive the reading of the indictment - information;

3. Waive the right of trial by jury and request the consent and approval of the Court and the prosecuting attorney to my waiver;

4. Waive the ten (10) day waiting period for trial after the appointment of my attorney and request the consent and approval of my court appointed attorney to my waiver;

5. Waive the right to be confronted by the witnesses against me, consent to the stipulation of evidence and consent to waive the appearance, confrontation, and cross-examination of witnesses, and further consent either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence, including, but not limited to, the indictment - information herein and request the consent and approval of the court to my waiver;

2 Defendant's Initials _TA_

6. Waive the right against self-incrimination; and

7. Waive the right to a pre-sentence investigation and report.

IV.

I do further admit and judicially confess to the allegations and facts contained in the indictment information herein which has been read and explained to me and agree and stipulate that the allegations and facts are true and correct and constitute evidence in this case.

V.

I do further state as follows:

1. I voluntarily, of my own free will, plead guilty - nolo contendere, to the offense charged in the indictment-information herein;

2. I have never been treated for any type of mental illness, am sane now and was sane at the time of the commission of the offense to which I have pled guilty - nolo contendere;

3. My plea is entered without any consideration of fear and I have not been threatened in any manner whatsoever;

4. My plea is entered without any persuasion and I have been promised nothing for entering such plea; and

5. I went through the 6E 9 grade in school, can read, write and understand the English language.

VI.

I further state that I have never before been convicted of a felony offense in this or any other State, and pray the Court to grant me probation in the event my punishment is assessed at not more than ten (10) years confinement in the Texas Department of Corrections. Except, I was convicted ____

VII.

I understand that in the event I am convicted, I have the legal right of appeal to the Court of Appeals, sitting in

3 Defendant's Initials

Houston, Harris County, Texas, and also ● right to be represented on appeal by an attorney of my choice. If I am too poor to pay for such attorney or the record on appeal, the Court will, upon a finding of indigency, without expense to me provide an attorney and a proper record for such an appeal. I waive the right to appeal.

I UNDERSTAND THE ADMONITIONS, STATEMENTS AND WAIVERS SET FORTH ABOVE AND I AM AWARE OF THE CONSEQUENCES OF MY PLEA.

Dated and Signed this the _21st_ day of _____May_____, A.D. 19__92__.

_Jordon Fischbul_
**DEFENDANT**

Sworn to and Subscribed before me by the said Defendant on this the _21st_ day of _____May_____, A.D. 19_92_, to which I place my hand and affix the seal of office.

                              FRANCES BENNETT
                              District Clerk
seal                          Brazoria County, Texas
                              By _Ann Lacy_
                                 Deputy

I have consulted with the Defendant; advised him-her of his-her rights; believe him-her to be sane, and able to understand the nature and consequences of these proceedings; approve his-her signing of the plea of guilty - nolo-contendere; waiver of jury, waiver of ten (10) days to prepare for trial, agreement to stipulate evidence, and judicial confession; and I waive the ten (10) days to prepare for trial.

4 Defendant's Initials _JM_

Dated and Signed this the 21st day of _____ May _____,
A.D. 19 92.


_____
Attorney for Defendant
Bar Id#: 09416300


Before the entry of the Defendant's plea herein, the
above requests, waivers and stipulations are hereby consented
to and approved by me, the prosecuting attorney representing
the State.

Dated and Signed this the 21st day of ___ May _____,
A.D. 19 92 .


JIM MAPEL
CRIMINAL DISTRICT ATTORNEY
Brazoria County, Texas
By: _____
Assistant


9 Defendant's Initials _____

## ORDER

On this the __21st__ day of _____May_____,
A.D. 19 _92_, prior to accepting the Defendant's plea of guilty - nolo contendere herein, the Court duly and properly admonished and warned the Defendant, in writing, as set forth herein above his-her signature.

Before making a finding on Defendant's plea, the Court informed the Defendant that it will follow the plea bargain agreement. The Court finds the Defendant's plea of guilty nolo contendere, waivers and consent to be freely and voluntarily made; approves the waiver of jury; the waiver of pre-sentence investigation and report; and the consent to stipulate evidence.

The Court having considered the foregoing plea of guilty - nolo contendere of the Defendant; it plainly appearing to the Court that the Defendant is, sane; represented by competent counsel; able to and does understand the nature and consequences of these proceedings; uninfluenced by any consideration of fear or persuasion, prompting him-her to confess his-her guilt; and the Court having duly admonished the Defendant of the consequences of his-her plea, the Defendant having persisted in pleading guilty - nolo contendere, the Court accepts Defendant's plea of guilty - nolo contendere and orders that such plea be entered upon the minutes of this Court.

Dated and signed this the __21st__ day of _____May_____,
A.D. 19 _92_.

JUDGE, PRESIDING- Alta Reilley

# Defendant's Initials

# ATTACHMENT    3

NO. 21,557

FILED

MAY 2 2 1992

FRANCES DENNEY
COPY

THE STATE OF TEXAS
VS.
Todd H. Altschul

IN THE 23RD JUDICIAL
DISTRICT COURT OF
BRAZORIA COUNTY, TEXAS

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
## WAIVER OF JURY TRIAL

**Judge Presiding:** Allen Stilley      **Date of Judgment:** 5-21-92

**Attorney for State:** Tom Selleck      **Attorney for Defendant:** Hal Hemstreet

**Offense Convicted of:** Deadly Weapon in Penal Institution

**Degree:** 2nd      **Date Offense Committed:** October 24, 1991

**Charging Instrument:** Indictment/~~Information~~      **Plea:** ~~Guilty~~/Nolo Contendere

**Terms of Plea Bargain (In Detail):** Fifteen (15) Yrs. TDCJ-ID

**Plea to Enhancement Paragraph(s):** 2nd Enhancement Dropped / True      **Findings on Enhancement:**

**Findings on Use of Deadly Weapon:**

**Date Sentence Imposed:** 5-21-92      **Costs:** $84.50

**Punishment and Place of Confinement:** Fifteen (15) Yrs. TDCJ-ID      **Date to Commence:** 2-5-92

**Time Credited:** From 2-5-92 to 5-21-92      **Total Amount of Restitution/Reparation:**

Concurrent Unless Otherwise Specified. Stacked with 91-281-C out of McLennan County, Texas      **Restitution to Be Paid To:** Name: ___   Address:

The Defendant having been indicted~~/charged/by~~ ~~information~~ in the above entitled and numbered cause for the felony offense shown above and this cause being this day called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person and by Counsel as named above and both parties announced ready for trial. The Defendant, in person, in writing, and in open court, waived his right of trial by jury, (such waiver being with the consent and approval of the Court and the District Attorney in writing and filed in the papers of this cause) pleaded as indicated above to the charge contained in the indictment~~/information~~.

Thereupon the Defendant was admonished by the Court of the consequences of the said plea; and the Defendant persisted in entering said plea; and it plainly appearing to the Court that the Defendant was mentally competent and that the plea is free and voluntary. The Defendant, having in open court, in writing, waived the appearance, confrontation, and cross-examination of witnesses and consented to the oral stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence. Such

IMAGE 1

*(handwritten margin note)* THIS SECOND ENHANCEMENT WAS DROPPED AND COULD NOT BE LEGALY USED BECAUSE IT CONSTITUTED ELEMENT OF THE OFFENSE. THE FIRST ENHANCEMENT WAS VOID THAT I INVOLUNTARILY PLEAD TRUE TO. MY INEFFECTIVE APPOINTED COUNSEL TOLD ME THE STATE COULD STILL USE THIS ENHANCEMENT WHICH WAS FALSE. I CAN NOT VOLUNTARILY PLEA TRUE TO A ENHANCEMENT THAT IS NON-FINAL AND VOID. SEE MENEFEE V. STATE 175 S.W. 3d. 500 [TEX. APP. BEAUMONT].

## APPENDIX 3

waiver and consent having been approved by the Court in writing and filed in the papers of the cause, the said plea of the Defendant was received and entered of record upon the minutes. The Court, having heard the evidence submitted, and the argument of Counsel thereon, found the Defendant guilty of the offense indicated above, a felony.

On the ___21st___ day of ___May___, A.D., 19__92__, the Court assessed the punishment at confinement in the Institutional Division of Texas Department of Criminal Justice for the period indicated above.

It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, a felony, and that the said Defendant committed the said offense on the date indicated above, and that he be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, be delivered by the Sheriff of Brazoria County, Texas, immediately to the Director of Institutional Division of the Department of Criminal Justice of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division of the Texas Department of Criminal Justice for the period indicated above, in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice.

**

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered this the _____ day of ___May___, A.D., 19__92__.

Notice of Appeal: __No__

_____
JUDGE PRESIDING, Alan Stilley

___5-22-92___
DATE SIGNED

** And the said Todd H. Altschul, having in the 54th District Court of McLennan County, Texas, in Criminal Cause Number 91-281-C, been duly and legally convicted of the offense of a felony, Theft, and his/her punishment therefore having been assessed and adjudged at confinement in the Texas Department of Criminal Justice-Institutional Division for a term of __five(5)__ years, and she/he having on the __16th__ day of __May__, A.D., 19__91__, by said Court been sentenced in accordance with said conviction.

IT IS FURTHER ORDERED AND ADJUDGED that the punishment herein adjudged against the Defendant, Todd H. Altschul, ...
and sentenced in said Cou...

COPY

ATTACHMENT   4

Vol. 35   Page 394



No. 12-010

| | | |
|---|---|---|
| THE STATE OF TEXAS | ¤ | IN THE DISTRICT COURT |
| v. | ¤ | OF BROWN COUNTY, TEXAS |
| Todd Warren Altschul | ¤ | 35TH JUDICIAL DISTRICT |
| | ¤ | |

**COPY**

## MOTION TO DISMISS MOTION TO REVOKE PROBATION AND ORDER

TO THE HONORABLE JUDGE PRESIDING:

NOW COMES the State, by her Assistant District Attorney, and moves the Court to dismiss the Motion to Revoke Probation filed in the above entitled and numbered cause for the following reasons, to wit:

Further prosecution of the Motion To Revoke Probation is not desired at this time.

_____
Assistant District Attorney

*THE ENHANCEMENT USED
WAS PROBATED AND
NEVER REVOKED AND
WAS NEVER SUPPOSE TO
BE USED FOR
ENHANCEMENT UNDER
EX PARTE LANGLEY
833 S.W. 2d. 141
[TEX. CR. APP. 1992].

### ORDER OF THE COURT

On this the 22nd day of April, 19 92 came on to be heard the written motion of the State's Attorney filed herein, asking permission of the Court to dismiss the Motion to Revoke Probation filed in this cause for the reasons, set out in said motion, and the same having been heard and duly considered, the Court is of the opinion that the reasons so stated are good and sufficient to authorize such a dismissal of said Motion to Revoke Probation.

Is is, therefore, considered, ordered and adjudged by the Court, that this Motion to Revoke Probation filed in this cause be and the same is hereby dismissed; that the State of Texas take nothing by this suit, and that the Defendant Todd Warren Altschul be immediately discharged from any further liability in this Motion to Revoke Probation filed in this cause, and that as to the same go hence without delay.

_____
JUDGE PRESIDING
35TH JUDICIAL DISTRICT

**FILED**

At _____ O'clock ___ M

APR 2 2 1992

JAN BROWN
District Clerk, Brown Co., Texas
By: _____ Deputy

APPENDIX 4

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF BROWN
The document to which this certificate is affixed, containing ___1___ pages, is a full, true and correct copy of the original on file and of record in my office.



ATTEST: Jan 24 20 13

JAN BROWN, DISTRICT CLERK
BROWN COUNTY, TEXAS

BY _____ DEPUTY

# ATTACHMENT 5

COPY
FILED

CAUSE NO. 12010

THE STATE OF TEXAS

VS.

TODD WARREN ALTSCHUL

IN THE 35TH DISTRICT COURT

OF BROWN COUNTY

BROWNWOOD, TEXAS

At _____ O'clock _____ M

FEB 27 1997

*Jan Brown*
Clerk District Court Brown Co. TX

## MOTION FOR DISCHARGE FROM PROBATION
## AND DISMISSAL OF CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now TODD WARREN ALTSCHUL ,Defendant and probationer in the_____Dc

above-entitled and numbered cause,and moves the court to terminate the

period of probation,pursuant to Article 42.12, Section 20 of the Code of

Criminal Procedure, and in support of such motion shows:

ON 11/07/91 ,I the defendant, TODD WARREN ALTSCHUL ,

pleaded guilty to the charge of AGGRAVATED ASSAULT ,following

which a judgement of conviction was duly rendered.

Following such conviction, the Defendant was placed on probation

period of 5YR .

WHEREFORE, the Defendant prays the Court grant this motion and

terminate the probationary period.

APPROVED :

_Carl A. Chandler_

COMMUNITY SUPERVISION OFFICER

_Todd W. Al_

DEFENDANT

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF BROWN
The document to which this certificate is affixed, containing
pages, is a full, true and correct copy of the original on file and of record in
my office.

ATTEST: *Jan Brown* 20 13

JAN BROWN, DISTRICT CLERK
BROWN COUNTY, TEXAS

BY

DEPUTY

### ORDER

On this the 25 day of FEBRUARY 19 97 ,came on to be

heard the Defendant's motion for termination of the Probationary Period,

and it appears to the Court this Motion should be GRANTED.

It is,therefore, ORDERED, that the Defendant's probationary Period has

expired and that said period be declared to have terminated and the

Defendant discharged from probation.

_____

DISTRICT ATTORNEY

_____

JUDGE PRESIDING

## APPENDIX 5

Vol 35 Page 394